IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES D. SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-CV-0036-MJR |
| | ) | |
| MONROE COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**I. Introduction and Procedural Overview**

In January, 2008, Charles D. Sullivan, *pro se*, filed suit in this Court against Monroe County, Illinois, pursuant to 42 U.S.C. § 1983. The complaint alleges as follows.

On April 3, 2007, directors of Sullivan Field, Inc., appeared before the Monroe County Zoning Board of Appeals ("the Board") to obtain a variance and permit to build a hangar to protect recreational aircraft from weather and vandals. The hangar was to be built at a recreational-use airfield that had been located for approximately forty years in the Columbia Drainage and Levee District in Monroe County, Illinois. The Board denied the variance and permit stating, "Members felt they could not approve [the] request because FEMA would not allow it. The request was not accepted as an agricultural use." Sullivan contends that the Board's denial was capricious and that Monroe County's Flood Plain Code, FEMA regulations and the National Flood Insurance Program contain no requirement that flood plains be used exclusively for agricultural purposes. According to Sullivan, both Monroe County's Flood Plain Code and FEMA regulations

1

support recreational use of the Columbia Drainage and Levee District.

Now pending before the Court is Monroe County's motion to dismiss, filed February 11, 2008 (Doc. 4). The motion argues that Sullivan lacks standing to bring this action; the complaint fails to state a claim upon which relief can be granted; Sullivan has failed to exhaust state law remedies; and Sullivan fails to satisfy substantive due process pleading requirements. The motion is fully briefed, and ready for disposition.

## II. Standard of Review

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** governs motions to dismiss for failure to state a claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's allegations as true, and construes all inferences in favor of the plaintiff. *Hishon v. King & Spalding,* **467 U.S. 69, 73 (1984);** *Thompson v. Ill. Dep't of Prof. Regulation,* **300 F.3d 750, 753 (7th Cir. 2002)**. As the Supreme Court recently explained in *Bell Atlantic Corp. v. Twombly*, **127 S.Ct. 1955, 1964 (2007)**, ". . . it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief, *id*. at 1968-69, by providing allegations that 'raise a right to relief above the speculative level,." *E.E.O.C. v. Concentra Health Services, Inc.*, **496 F.3d 773, 777 (7th Cir. 2007) (quoting** *Bell Atlantic***, 127 S.Ct. at 1965)**.

Under the liberal notice pleading requirements of the federal rules, all that is required to state a claim "is a short statement, in plain . . . English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.,* **168 F.3d 1039, 1041 (7th Cir. 1999); FED. R. CIV. P. 8(a)(2).** "A full narrative is unnecessary." *Id.***;** *see also, e.g., Swierkiewicz v. Sorema N.A.,* **534 U.S. 506 (2002);** *McDonald v. Household International, Inc.,* **425 F.3d 424, 427-28 (7th Cir. 2005);** *Bartholet v.*

*Reishauer A.G. (Zurich),* **953 F.2d 1073, 1077-78 (7th Cir. 1992).** Thus, Rule 12(b)(6) dismissal should be denied "if any facts that might be established within [a plaintiff's] allegations would permit a judgment for the plaintiff." ***Duda v. Board of Education of Franklin Park Public School District No. 84,* 133 F.3d 1054, 1057 (7th Cir. 1998)**.

### III. Analysis

The Court will first consider the issue of standing because, if Sullivan lacks standing, this Court lacks jurisdiction over this lawsuit and it must be dismissed. The United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." **U.S. Const., Art. III, § 2.** Standing is an essential component of the case-or-controversy requirement of Article III. *Lujan v. Defenders of Wildlife*, **504 U.S. 555, 559 (1992) (citing** *Allen v. Wright*, **468 U.S. 737, 751 (1984).** Stated another way, the doctrine of standing identifies "those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, **495 U.S. 149, 155 (1990).**

In support of Monroe County's motion to dismiss for lack of standing, it advances two arguments. First, Monroe County argues that Sullivan does not own the land that is the subject of the complaint and, therefore, fails to establish a constitutional deprivation of property. Second, Monroe County argues that Sullivan cannot represent Sullivan Field, Inc., *pro se*.

Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. **42 U.S.C. § 1983 (1996)**. Stated simply, to survive a motion to dismiss, a plaintiff must allege facts which show that the defendant deprived him of a constitutional right and that the deprivation resulted from the defendant acting under color of law.

3

*Fries v. Helper*, **146 F.3d 452, 457 (7th Cir. 1998)**. The United States Supreme Court has defined such an action as the "misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.**"** *Luger v. Edmonson Oil Co.***, 457 U.S. 922, 929 (1982)**.

The Court construes Sullivan's *pro se* complaint liberally. *Marshall v. Knight*, **445 F.3d 965, 969 (7th Cir. 2006) (citing** *Haines v. Kerner***, 404 U.S. 519, 520 (1972)**. Sullivan contends that Monroe County's failure and refusal to grant him a variance and permit to build a hangar on the subject property constituted a deprivation of a constitutionally-protected interest in the use of his property. If Sullivan can establish such a loss, the Court then must determine what process was due regarding that loss. *Porter v. DiBlasio*, **93 F.3d 301, 305 (7th Cir. 1996)**.

In May, 1998, Sullivan conveyed the subject property, 8000 B Road, Valmeyer, Illinois, to Sullivan Field, Inc., an Illinois corporation. Doc. 5, Exh. A. Therefore, although he states that he owns one-third of the stock of Sullivan Field, Inc., has the permission of all other stockholders to build a hangar and "in effect owns 1/3 of the property," he is not in fact the owner of the property.

Furthermore, this action is based on the denial of a variance and permit for which Sullivan Field, Inc., applied. Numerous exhibits submitted by Sullivan support this finding, including a letter from Sullivan himself (which he signed as President of Sullivan Field) to Monroe County commissioners which states, "The denial letter received by Sullivan Field, Inc., from the Monroe County Zoning Board of Appeals ... regarding Floodplain Variance/Sullivan Field Inc...." Doc. 1, Exhibit D.

Sullivan has no ownership interest in the property or in its use. Therefore, there can

be no federal claim for deprivation of that property.

Sullivan's claim that he has standing because he owns one-third of the stock in Sullivan Field, Inc., also fails. "It is well established that a shareholder generally cannot sue to enforce the rights of the corporation." *Nocula v. UGS Corp.*, **2008 WL 755292, 5 (7th Cir. 2008) (citations omitted)**. "This is a prudential limitation on standing, a strand of the standing doctrine that prohibits litigants from suing to enforce the rights of third parties." *Id.* **(citations omitted)**. While there are exceptions to this rule against shareholder standing, *e. g.,* where corporate management has acted for reasons unrelated to good-faith business judgment, none of these exceptions apply here. *See id.* **at 6.**

In *Lujan v. Defenders of Wildlife,* **504 U.S. 555 (1992)***,* the United States Supreme Court explained that the "irreducible constitutional minimum of standing" contains three elements. First, the plaintiff must have suffered an injury in fact, that is, an invasion of a legally protected interest which is (a) concrete and particularized[1] and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of (*i.e.,* the injury has to be fairly traceable to the challenged action of the defendant, not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan***, 504 U.S. at 560-61**.

These three elements are an indispensable part of the plaintiff's case. Thus, "each element must be supported in the same way as any other matter on which the plaintiff bears the

---

[1] Particularized means that the injury must affect the plaintiff in a personal and individual way. *Lujan***, 504 U.S. at 561, n.1.**

burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* **at 561**.

Sullivan meets none of the elements set forth in *Lujan*. He has suffered no direct, personal injury that is not derivative of the corporation's interest, and he has shown no special contractual duty. *See id.* **at 561-62;** *Nocula,* **2008 WL 755292 at 6**. Because Sullivan lacks a direct, personal injury, the Court does not reach the elements of causal connection between the injury and the conduct complained of and whether the injury would be redressed by a favorable decision.

Moreover, Monroe County is correct in stating that Sullivan cannot represent Sullivan Field, Inc., *pro se*. Although individuals may represent themselves *pro se*, corporations must be represented by a lawyer. *Navin v. Park Ridge Sch. Dist*. **64, 270 F.3d 1147, 1149 (7th Cir. 2001) (a non-lawyer cannot prosecute a suit on behalf of another);** *Scandia Down Corp. v. Euroquilt, Inc.***, 772 F.2d 1423, 1427 (7th Cir. 1985) ( "A 'corporation' is an abstraction, and abstractions cannot appear** *pro se***" )**.

Although Sullivan states that he is acting as an individual and not as Sullivan Field, Inc., his action is based on the denial of a for which Sullivan Field, Inc., applied. As set forth above, exhibits submitted by both Sullivan and Monroe County show that Sullivan Field, Inc., applied for the variance and permit and that Sullivan Field, Inc., is the owner of the subject property. The proper party to bring this action is Sullivan Field, Inc., which can only appear through counsel and cannot be represented by Sullivan, a non-lawyer.

### IV.  <u>Conclusion</u>

For all of these reasons, the Court finds that Sullivan lacks standing to pursue this action either as an individual or a shareholder and that he cannot represent the proper party, Sullivan

Field, Inc., *pro se*. The Court lacks jurisdiction over this lawsuit and it must be dismissed. Dismissal shall be without prejudice to Sullivan's right to file another complaint in the event that he obtains standing. Accordingly, the Court **GRANTS** Monroe County's motion to dismiss (Doc. 4) and **DISMISSES** this action without prejudice.

**IT IS SO ORDERED.**

**DATED this 10th day of April, 2008**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**